```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :    24cr497 (DLC)
                                        :
            -v-                         :    MEMORANDUM
                                        :    OPINION AND
BIANNEURY PENA,                         :    ORDER
                                        :
                        Defendant.      :
                                        :
----------------------------------------X
```

For the United States of America:
Jay Clayton, United States Attorney
Ashley C. Nicolas
Brandon D. Harper
Alexandra S. Messiter Assistant
United States Attorneys
United States Attorney's Office
26 Federal Plaza, 37th Floor
New York, NY 10278

For defendant Bianneury Pena:
Martin Spencer Bell
Lindsay Rule
Melissa Bueno
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

DENISE COTE, District Judge:

The defendant Bianneury Pena was charged on October 31, 2024 with participating in a firearms trafficking conspiracy in violation of 18 U.S.C. § 933(a)(3). A superseding indictment of May 29, 2025 charged Pena additionally with possession of firearms by an illegal alien in violation of 18 U.S.C. § 922(g)(5), and with conspiracy to distribute or to possess

with the intent to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.  Pena's trial date is set for July 14, 2025.

This Opinion addresses an issue raised by the parties in their pretrial submissions: whether to convict a defendant under § 933(a)(3), a jury must be unanimous as to any one felony predicate offense supporting the charge.  For the reasons that follow, the defendant's July 7 motion to require the jury's unanimous agreement on the felony predicates underlying the § 933(a)(3) charge is denied.

## Discussion

Count One of the Indictment charges Pena with participating in a conspiracy to traffic firearms, in violation of § 933(a)(3), with §§ 933(a)(1) and (a)(2) as the objects of the conspiracy.  Section 933(a)(1) makes it unlawful for any person to

> ship, transfer, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knows or has reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony(as defined in section 932(a))[.]

18 U.S.C. § 933(a)(1) ("Trafficking by Transfer").  Section 933(a)(2) makes it illegal for any person to

2

> receive from another person any firearm in or otherwise affecting interstate or foreign commerce, if the recipient knows or has reasonable cause to believe that such receipt would constitute a felony[.]

Id. § 933(a)(2) ("Trafficking by Receipt").  Section 932(a)(3) defines a felony as "any offense under Federal or State law punishable by imprisonment for a term exceeding 1 year."  Id. § 932(a)(3).

It is well established that a federal jury cannot convict unless it unanimously finds that the Government has proved each element of a charged offense.  United States v. Estevez, 961 F.3d 519, 527 (2d Cir. 2020) (citing Richardson v. United States, 526 U.S. 813, 817 (1999)).  Elements, as opposed to "means" or "brute facts," are "ordinarily listed in the statute that defines the crime."  United States v. Requena, 980 F.3d 30, 49 (2d Cir. 2020) (citation omitted).  "Additional details not set out in the statute typically are not elements even if they seem intuitively central to the commission of an offense."  Id.  For example, if a statute "requires use of a 'deadly weapon' as an element of a crime and further provides that the use of a 'knife, gun, bat, or similar weapon' would all qualify," only the use of a deadly weapon is an element."  Id.  A jury could thus convict even if some members "concluded that the defendant used a knife while others concluded he used a gun, so long as all agreed that the defendant used a 'deadly weapon.'"  Id.

3

Applying these principles to the controlled substance context, the Second Circuit has explained that

> the type and quantity of drugs involved in a violation of [21 U.S.C.] § 841(a) must be submitted to the jury as an element only in cases where the Government will seek a sentence above the statutory maximum imposed by § 841(b)(1)(C) -- the penalty provision that applies to violations involving schedule I or II controlled substances of indeterminate or unspecified amount and identity.

Id. (citation omitted). In all other cases, "as long as the jury unanimously agrees that the offense involved some schedule I or II controlled substance, the specific nature of that substance has no bearing on the statutory penalty range and, as a result, the constitutional rule requiring jury unanimity does not apply." Id. at 50 (citation omitted). Thus, "a jury can convict a defendant for violating § 841 even if some jurors believe that the defendant distributed one drug (say, cocaine) and others believe that he actually distributed another (say, heroin)." Id.

Likewise, the Second Circuit has rejected the proposition that a specified unlawful activity charged within a money laundering conspiracy is an essential element of the crime. See United States v. Stavroulakis, 952 F.2d 686, 691-92 (2d Cir. 1992). As the court explained, 18 U.S.C. § 1956 "does not penalize the underlying unlawful activity from which the tainted money is derived." Id. at 691. Rather, "the essential nature

4

of a conspiracy to violate Section 1956 is an agreement to launder money, regardless of which particular specified unlawful activity is the source." Id. at 692.

Here, the defendant is charged with a conspiracy to traffic firearms offense that identifies two objects: Trafficking by Transfer (§ 933(a)(1)) and Trafficking by Receipt (§ 933(a)(2)). For both objects, the jury must be unanimous that the members of the conspiracy knew or had reasonable cause to believe that a felony was at issue; that is, for Trafficking by Transfer, that the use, carrying, or possession of the firearm by its recipient would constitute a felony, and for Trafficking by Receipt, that the receipt of the firearm would constitute a felony. "Congress did not distinguish among" felonies; any qualifying felony would "trigger" the statute. Id. at 691. Accordingly, the jurors do not need to be unanimous on the "brute facts" that make up that element. Requena, 980 F.3d at 49 (citation omitted). In other words, unanimity on what particular felony or felonies would be constituted by either the use, carrying, or possession of the firearm or its receipt is unnecessary.

## Conclusion

The defendant's July 7, 2025 motion to require the jury's unanimous agreement on the felony predicates underlying the § 933(a)(3) charge is denied.

Dated:   New York, New York
         July 11, 2025

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　         DENISE COTE
　　　　　　　　　　　　　　　　　　　United States District Judge