UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

BIANNEURY PENA,

Defendant.

24cr497-2 (DLC)

MEMORANDUM OPINION AND ORDER

DENISE COTE, District Judge:

On October 24, 2025, Bianneury Pena was sentenced principally to a term of imprisonment of 87 months following his conviction at trial on drug and firearms charges. His appeal from his conviction is pending. On August 17, 2026, Pena submitted a pro se motion for an indicative ruling. He seeks to be resentenced so that the Court may impose a term of supervised release to follow his period of imprisonment. Such an indicative ruling is appropriate.

Pursuant to Federal Rule of Criminal Procedure 37(a), if a timely motion is made for relief that the court lacks authority to grant because of a pending appeal, the court may defer consideration of the motion, deny the motion, or state how it would rule on the motion if the court of appeals remands on that issue or that the motion raises a substantial issue. In considering the analogous rule of civil procedure, the Second Circuit has suggested that a district court's determination of a

request for an indicative ruling is reviewed for abuse of discretion. See LFoundry Rousset, SAS v. Atmel Corp., 690 F. App'x 748, 750 (2d Cir. 2017). The Court elects to exercise its discretion here to issue the requested ruling for the reasons that follow.

One of the three counts on which Pena was convicted by a jury was for conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846(b)(1)(C). That charge carries a statutory minimum term of supervised release of three years. At sentencing, however, the Court did not impose any term of supervised release, explaining that a detainer had been lodged against Pena, who is an alien and who had illegally entered the country, and the Court anticipated that he would be deported following completion of his term of imprisonment. Counsel indicated that they knew of no reason why the sentence, as articulated by the Court, could not be imposed. But, as Pena points out, the Controlled Substances Act requires that a term of supervised release of at least three years, in addition to any term of imprisonment, be imposed. That requirement was also set out clearly in the Presentence Report.

If the case is remanded for resentencing to impose a term of supervised release, it is the Court’s present intention,

absent objection by the parties, to impose a three-year term of supervised release with the requirement that the defendant abide by the standard conditions of supervision as well as the special condition that he obey the immigrations laws and comply with the directives of immigration authorities.

Pena explains that the absence of a term of supervised release has interfered with him earning credits towards early release under the First Step Act. The Court takes no position on Pena's eligibility for such credits. Accordingly, it is hereby

ORDERED that the Clerk of Court shall mail a copy of this Opinion and Order to Pena and note mailing on the docket.

IT IS FURTHER ORDERED that the Clerk of Court shall deliver a copy of this order to the Clerk of the United States Court of Appeals for the Second Circuit.

Dated: New York, New York
September 1, 2026

DENISE COTE
United States District Judge